UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NEVELYN STOKES, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17-CV-1958 JAR |
|  | ) |  |
| SENATOR STEVENS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, an inmate at Farmington Correctional Center, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $13.17, which is twenty percent of his average monthly deposits. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff's complaint is difficult to comprehend and summarize, so the Court will quote it in full. Plaintiff states the following as his claim:

> When I was an inmate back in 2000 I entered the Ste. Gen. Co. Jail. I was tricked there. Fooled about what was going on. I don't know not to don't call it a trick because to me that's what was going on. All the officers I concluded in this case was involved. Like to this day I still see and is going through the same stuff today. What I mean about being tricked is I didn't understand what was going on around me until now. I've been doing some research with some things and found out that HAARP[1] or HART (which is now HART because Mr. Sen. Stevens and King left HAARP in the South Georgia). I don't keep notes or time about what is going on with some things because I feel I'll just remember them [illegible]. I have a problem writing because this system I'm complaining about is trying to read my mine or mind. I move a lot and write slow. The system I'm talking about. Just to get into [illegible]. Is call AG' Caption code block. An old computer system that does old numbers. It was a[n] old medieval scientist move to trick or move the mine or even mind when I first stepped in Ste. Gen. come to find out. I was being [tough]. I guess they thought they would get away with this because my name and the racist slang word n[*****] was in the air. I could hear from a distance not to[o] far that they was discussing me. The officers I described. I also seen strange people around me like an FBI agent name Sean Odaro. I couldn't use the rest room at times because it felt like my bowels was locked and secreted. I couldn't get help from nothing because [nobody] knew anything. My words would seem to come out wrong at them because I knew they were using me. The only witness I ran into was nobody that wasn't with them. When they plotted. I knew just about every black and white inmate in the jail knew this problem. And it's been said that when they plan really took off they took a lot of inmates with them. Even lifers inmates with a lot of time. I'm a high [profiler] to[o] and they said to me through this system the only reason we didn't select you is because you don't do what we do. I heard through this system that these people have killed people and all. Kids and everything in a high

---

[1] The Court believes plaintiff is referring to the "High Frequency Active Auroral Research Program" jointly funded by the U.S. Air Force, the U.S. Navy, and the Defense Advanced Research Projects Agency.

2

profiler and they said the only reason to why we don't like you is because you a kid killer and [no one] would ever believe you again. You just about name it your honor, that they could do to me after seeing this system. I've been done life. It been called n[*****] every day in the mine. These people claim that the state and other law officials gave them the permission to do this to me. I've been seeing and hearing these people for eighteen years now and I believe this is a cruel and unusual joke being played. I'm threatened every day by the system. If I complained about this system or don't let them do tricks, I'm dead. And this comes a lot from Mr. Senator Stevens and [illegible]. I heard that Mr. Senator Stevens is an old Arizona senator from in the past. And that he found Mr. Senator King in the mountains. I have a reason to be scared here with the state because it happened to I know by state officials. I'm asking your honor for a chance to appear in court and try to see if the courts would please issue a conditional release. If we want to find out this all I have to do is to get the court to let me confront the people I'm talking about. I'm asking to sue Mr. Senator Stevens, Mr. Senator King, and Ste. Gen. Co. Jail. I'm asking for $2.5 billion dollars in restitution. Please your honor.

**Discussion**

The Court finds that plaintiff's allegations are factually frivolous, and will dismiss the complaint for this reason under 28 U.S.C. § 1915(e)(2)(B). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotations and citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Supreme Court has stated, district courts are "all too familiar" with these types of claims, and are in the best position to determine which claims are factually frivolous. *Id.*

Reading the complaint as a whole, the Court cannot determine exactly what plaintiff is attempting to allege. Plaintiff is suspicious of the system, presumably the corrections system, and is making claims that it is tricking him. For example, plaintiff sees strange people around him, including FBI agents. Plaintiff believes people are trying to read his mind, he is hearing

3

voices, and he is implicating unknown senators. He also complains about medieval science techniques trying to trick or control his mind. The Court finds these claims clearly baseless and subject to dismissal.

Additionally, plaintiff's allegations concern conduct that occurred in 2000 when he was an inmate at the Ste. Genevieve County Jail. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's claims appear to be eighteen years old, and are thus subject to dismissal under the statute of limitations.

For the foregoing reasons, the Court will order this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $13.17 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner

4

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of January, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).